CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
SHAMIRA DWARICA (CABN 353189)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7312
FAX: (415) 436-6748
Shamira.Dwaica@usdoj.gov

*Attorneys for Defendant*
*U.S. Department of State*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant. | CASE NO. 3:26-CV-08558-TSH<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS FOR NINETY DAYS, OR IN THE ALTERNATIVE, TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO THE COMPLAINT; COUNSEL DECLARATION IN SUPPORT; [PROPOSED] ORDER** |

Defendant United States Department of State respectfully moves for an order staying this action for ninety days and vacating all currently pending deadlines. In the alternative, Defendant requests a sixty-day extension of its deadline to answer or otherwise respond to the Complaint. As set forth in the accompanying Declaration of Shamira Dwarica (Dwarica Decl.), the parties have recently engaged in discussions that may resolve or substantially narrow the issues remaining in this action. A brief stay will conserve party and judicial resources while those discussions continue.

**SUMMARY OF RELEVANT FACTS**

On August 18, 2026, Plaintiff U.S. Right to Know filed this action against United States Department of State under the Freedom of Information Act (FOIA), alleging, among other things, that the agency failed to timely respond to a FOIA request and related administrative appeal concerning

records relating to assessments of the origins of COVID-19. Compl. at ¶¶ 1–5, 43–80, Dkt. No. 1.

The Complaint seeks declaratory and injunctive relief concerning the processing of Plaintiff's FOIA request, as well as an award of attorneys' fees and costs. *Id.* at 16–17, ¶¶ 1–7.

Since Defendant was served, the parties have engaged in discussions regarding potential resolution of the action. As discussed in the accompanying declaration, Plaintiff's counsel advised that Plaintiff was considering dismissal of the action while preserving issues relating to attorneys' fees and costs, and the parties exchanged proposals directed toward that potential resolution. Dwarica Decl. ¶¶ 5–8. On November 19, 2026, Plaintiff's counsel advised that, rather than immediately proceeding with a dismissal stipulation, Plaintiff preferred that the parties stipulate to an extension of Defendant's deadline to answer or otherwise respond to the Complaint while discussions continued. Dwarica Decl. ¶ 9.

The parties continue to evaluate whether further litigation can be avoided or substantially narrowed. Accordingly, Defendant seeks a limited stay to permit those discussions to continue and potentially resolve the matter without further motion practice.

## ARGUMENT

### I. A Temporary Stay Will Promote Judicial Economy and Conserve the Resources of the Parties and the Court

District courts possess broad discretion to control their dockets and stay proceedings in the interests of efficiency and judicial economy. *See Grigsby & Assocs., Inc. v. State Farm Fire & Cas. Co.*, No. 25-CV-892-AGT, 2025 WL 5278239, at *1 (N.D. Cal. Oct. 21, 2025), *aff'd*, No. 25-7219, 2026 WL 2641686 (9th Cir. Sept. 8, 2026); *Green Renewable Organic & Water Holdings, LLC v. Bloomfield Invs., LLC*, No. 21-CV-07181-HSG, 2022 WL 6271915, at *3 (N.D. Cal. Sept. 22, 2022); *Campaign for Accountability v. U.S. Dep't of Just.*, 280 F. Supp. 3d 112, 114 (D.D.C. 2017).

"The FOIA does not alter this analysis; indeed, '… FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Campaign for Accountability*, 280 F. Supp. 3d at 115 (citation modified). Instead, "[a] district court must balance competing interests when deciding whether to grant a stay. This Court must examine: (1) 'possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

law which could be expected to result from a stay.'" *Elec. Frontier Found. v. Off. of Dir. of Nat. Intel.*, No. C 08-01023 JSW, 2009 WL 773340, at *2 (N.D. Cal. Mar. 23, 2009) (citation modified).

A stay is warranted here because a temporary pause in the proceedings may eliminate or substantially narrow the issues requiring judicial intervention. As set forth in the accompanying declaration, the parties have recently engaged in discussions concerning a potential resolution of this action. During those discussions, Plaintiff indicated that it was considering dismissal of the action while continuing discussions regarding attorneys' fees and costs and other remaining issues. Thereafter, the parties exchanged proposed stipulations and continued discussions concerning potential resolution. Dwarica Decl. at ¶¶ 5–8.

More recently, Plaintiff requested that the parties seek an extension of Defendant's response deadline in lieu of immediately filing dismissal papers while discussions continue. Dwarica Decl. at ¶ 9.

Under these circumstances, requiring Defendant to prepare a responsive pleading or motion at this time may result in unnecessary expenditure of party and judicial resources. A brief ninety-day stay would permit the parties to continue their discussions and determine whether further litigation can be avoided or substantially narrowed. Accordingly, a stay would promote judicial economy and conserve the resources of both the parties and the Court.

## II. Alternatively, Defendant Requests a Sixty-Day Extension of the Deadline to Respond to the Complaint

If the Court declines to stay the action, Defendant respectfully requests a sixty-day extension of its deadline to answer or otherwise respond to the Complaint.

As discussed above, the parties remain engaged in discussions that may resolve or substantially narrow the issues in dispute. Plaintiff recently requested additional time to continue those discussions in lieu of immediately proceeding with dismissal papers. Dwarica Decl. at ¶ 9.

Accordingly, if the Court declines to stay the action, Defendant respectfully requests a sixty-day extension of its deadline to answer or otherwise respond to the Complaint so that the parties may continue their efforts to resolve or narrow the dispute without unnecessary motion practice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Stay this action for ninety days;

2. Vacate Defendant's deadline to answer or otherwise respond to the Complaint and any other pending deadlines during the stay;

3. Direct the parties to file a joint status report within fourteen days after expiration of the stay advising the Court of the status of the matter and proposing any further deadlines, if necessary; and

4. In the alternative, if the Court declines to stay the action, extend Defendant's deadline to answer or otherwise respond to the Complaint by sixty days.

DATED: November 20, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Shamira Dwarica*
SHAMIRA DWARICA
Assistant United States Attorney

*Attorneys for Defendants*