CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division
SHAMIRA DWARICA (CABN 353189)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7312
FAX: (415) 436-6748
Shamira.Dwaica@usdoj.gov

*Attorneys for Defendant*
*U.S. Department of State*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. RIGHT TO KNOW, a California Non-Profit Corporation<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant. | CASE NO. 3:26-CV-08558-TSH<br><br>**DECLARATION OF COUNSEL SHAMIRA DWARICA IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO THE COMPLAINT** |

I, Shamira Dwarica, declare:

1. I am an Assistant United States Attorney for the Northern District of California and counsel of record for Defendant United States Department of State in this action. I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of Defendant's Administrative Motion to Stay Proceedings or, in the Alternative, to Extend Defendant's Deadline to Respond to the Complaint.

2. Defendant's current deadline to answer or otherwise respond to the Complaint is November 22, 2026. Dkt. No. 15.

3. On November 13, 2026, Defendant provided Plaintiff with additional information regarding the Department's search and advised that no additional responsive records had been located

beyond records previously processed in earlier litigation. Defendant further advised that the Department believed it had provided the information necessary for Plaintiff to evaluate whether any dispute remained and expressed a willingness to discuss resolution.

4. On November 16, 2026, counsel continued discussing next steps in the litigation. In response to my inquiry concerning the upcoming response deadline and case schedule, Plaintiff's counsel advised that she had conferred with her client and requested a call to discuss next steps.

5. On November 17, 2026, Plaintiff's counsel advised that Plaintiff was "satisfied that we can conclude the litigation." Plaintiff's counsel further stated that Plaintiff believed it was entitled to attorneys' fees and expenses, inquired whether Defendant was willing to negotiate fees rather than litigate a fee motion, and provided a settlement demand relating to fees and expenses.

6. Later that same day, I provided Plaintiff's counsel with a proposed stipulation of dismissal. The proposed stipulation would have dismissed the merits of the action while preserving Plaintiff's ability to seek attorneys' fees, costs, and expenses and preserving the Court's jurisdiction over any fee dispute. I also advised Plaintiff's counsel that Defendant was reviewing Plaintiff's fee demand and supporting materials and was willing to discuss the issue further.

7. On November 18, 2026, Plaintiff's counsel reviewed the proposed stipulation and provided edits.

8. On the morning of November 19, 2026, I spoke with Plaintiff's counsel regarding the proposed dismissal and Plaintiff's anticipated request for attorneys' fees and costs. Following that discussion, Plaintiff's counsel emailed a summary of the call confirming that she would continue reviewing the proposed dismissal stipulation, that Plaintiff wished to preserve the attorneys' fees issue, and that Plaintiff's goal was to resolve fees amicably if possible. Plaintiff's counsel also proposed providing the Court with a future status update regarding the parties' efforts to resolve the fees issue.

9. Later that same day, Plaintiff's counsel followed up via phone call. Following that discussion, Plaintiff's counsel sent an email stating that Plaintiff wished to stipulate to an additional thirty-day extension of Defendant's deadline to answer or otherwise respond to the Complaint. Plaintiff's counsel explained that the proposed extension would "replace, for now," filing a stipulation to voluntarily dismiss the action. Plaintiff's counsel also raised a question regarding the date on which the

Department conducted its search for responsive records.

10. Later on November 19, 2026, I sent Plaintiff's counsel a proposed stipulation extending Defendant's deadline to answer or otherwise respond to the Complaint by thirty days and continuing the Initial Case Management Conference accordingly. I also advised Plaintiff's counsel that I was not aware of any communication identifying a specific search date and that I would confer with the Department regarding that inquiry. I requested that Plaintiff's counsel advise whether she had any edits to the proposed stipulation.

11. Defendant's current deadline to answer or otherwise respond to the Complaint is November 22, 2026. Dkt. No. 15. Plaintiff's counsel was aware of that deadline because the proposed stipulation sought to extend that deadline.

12. As of the filing of this motion, Plaintiff has not provided any further response to Defendant's proposed stipulation and has not indicated whether Plaintiff agrees to an extension of Defendant's response deadline.

13. The parties' recent communications demonstrate an ongoing effort to determine whether this action can be resolved without further litigation. Those discussions have included potential dismissal of the action, resolution of issues relating to attorneys' fees and costs, and a proposed extension of Defendant's response deadline while the parties continue evaluating whether further litigation is necessary.

14. Defendant believes a temporary stay would best serve the interests of the parties and the Court. A stay would provide the parties an opportunity to continue evaluating whether this action may be resolved, dismissed, or otherwise substantially narrowed without requiring Defendant to prepare a responsive pleading while those discussions remain ongoing. Given the parties' recent efforts to resolve the matter without merits litigation, Defendant believes a temporary stay may conserve both party and judicial resources and potentially avoid unnecessary motion practice.

15. In the alternative, if the Court declines to stay the action, Defendant respectfully requests a sixty-day extension of its deadline to answer or otherwise respond to the Complaint so that the parties may continue their discussions and determine whether further litigation is necessary.

\\\

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 20, 2026, at San Francisco, California.

*/s/ Shamira Dwarica*
SHAMIRA DWARICA
Assistant United States Attorney